## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

**EARL SCOTT BREWER AND**                        **CIVIL ACTION**
**SONY BREWER**

**VERSUS**                                        **CASE NO. 12-1836**

**MOTIVA ENTERPRISES, LLC,**                      **SECTION: "G"(4)**
**COOPER T SMITH MOORING CO. INC.**
**AND SGS NORTH AMERICA, INC.**

### ORDER AND REASONS

Before the Court is Defendant Cooper/T. Smith Mooring Company, Inc.'s Motion for Certification Under 28 U.S.C. 1292(b) or, in the Alternative, to Alter or Amend the Court's Prior Order and Reasons Under Fed. R. Civ. P. 59(a)(2).[1] After considering the pending motion, the memorandum in support, the opposition, the record, and the applicable law, the Court will deny the motion.

### I.  Background

#### A. *Factual Background*

On June 5, 2012, Plaintiff Earl Scott Brewer ("Brewer"), and his spouse, Sony Brewer (collectively, "Plaintiffs") filed a Petition for Damages in the Twenty-Third Judicial District Court, Parish of St. James, against Defendants Motiva Enterprises, LLC ("Motiva"), SGS North America, Inc. ("SGS"), and Cooper/T. Smith Mooring Co. ("Cooper").[2] In the Petition for Damages, Brewer claims that he was employed by Cooper as a linesman at all material times.[3] Brewer further alleges

---

[1] Rec. Doc. 44.

[2] Rec. Doc. 1.

[3] Rec. Doc. 1-2 at ¶ 2

that "[o]n April 10, 2012, petitioner was in the process of letting the barge, Caribbean, go from the Motiva Convent 1 dock in St. James Parish. While pulling on the line to said barge to release said vessel, petitioner...sustained serious injuries to his neck, back and shoulder."[4]

Plaintiffs brought a claim for negligence against Motiva and SGS, who "owned, operated, manned, maintained, and controlled the equipment located at the Motiva dock involved."[5] Plaintiffs allege that a proximate cause of the accident was Motiva and SGS' negligence "in failing to maintain the winches located at the dock in question which were designed to be used for mooring and unmooring vessels at said dock."[6] Plaintiffs also bring a claim of negligence against Cooper in its capacity as Jones Act employer for failing to furnish a safe work place.[7] Plaintiffs claim that Brewer was a Jones Act seaman because he "was permanently assigned to a vessel or fleet of vessels under the sole operation and control of Cooper" and that he "performed a substantial portion of his work as a linesman working aboard a vessel or fleet of vessels under the operation and control of Cooper."[8] Sony Brewer, Earl Scott Brewer's spouse, seeks recovery for loss of consortium.[9]

### B. Procedural Background

On July 13, 2012, Defendants Motiva and SGS filed a notice of removal with consent from Cooper.[10] In the notice, Motiva and SGS claim that Plaintiffs have fraudulently plead seaman status,

---

[4] *Id.* at ¶ 3.

[5] *Id.* at ¶ 4.

[6] *Id.* at ¶ 5.

[7] *Id.* at ¶ 6.

[8] *Id.*

[9] *Id.* at ¶ 9.

[10] Rec. Doc. 1.

2

and therefore this action is removable to federal court. Defendants invoked this Court's diversity and admiralty jurisdiction to initiate removal.[11]

On August 1, 2012, Plaintiffs filed a motion to remand this action to state court.[12] All of the defendants opposed the motion. On February 7, 2013, this Court granted the motion and remanded this action to state court.[13] In the Court's Order and Reasons, the Court specifically did not make a determination on Brewer's seaman status, but instead remanded because the defendants failed to meet their exceedingly high burden required by law[14] to prove that Plaintiffs assertions of seaman status were "baseless in law or fact."[15] The issue of Brewer's seaman status was, and is still, hotly contested. Additionally, there remained some legal uncertainty as to whether "standby" time should be included in the overall calculation of seaman status. On February 13, 2013, Cooper filed the pending motion.[16] On March 5, 2013, Plaintiffs filed an opposition.[17]

## II.  Parties' Arguments

In support of the pending motion, Cooper acknowledges that "under 28 U.S.C. [§] 1447(d),

---

[11] *Id.*

[12] Rec. Doc. 13.

[13] Rec. Doc. 43.

[14] *See Lackey v. Atlantic Richfield Co.*, 990 F.2d 202, 207 (5th Cir. 1993) ("Defendants must prove that the allegations of the complaint were fraudulently made, and any doubts should be resolved in favor of the plaintiff. As in fraudulent joinder cases, defendant's burden of persuasion is a heavy one. The district court must resolve disputed questions of fact from the pleadings and affidavits in favor of the plaintiff. The removing party must show that there is no possibility that plaintiff would be able to establish a cause of action.")

[15] Rec. Doc. 43 at  pp. 15-17.

[16] Rec. Doc. 44.

[17] Rec. Doc. 47.

an order remanding a suit to state court is not reviewable 'on appeal or otherwise.'"[18] However, "Cooper is concerned that the St. James Parish judge may be adversely influenced to not grant Cooper's Motion for Summary Judgment [on seaman status] due to a misstatement of law in the Order and Reasons [remanding this action]."[19] Therefore, Cooper requests that this Court certify for immediate appeal this issue under 28 U.S.C. § 1292(b).

Cooper explains that under 28 U.S.C. § 1292(b):

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: Provided, however, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

Cooper argues that *Nunez v. B&B Dredging, Inc.*,[20] which Cooper cited in its original opposition to the motion to remand,[21] "conclusively settles" the legal issue of whether Brewer's standby time should be included in the seaman status calculation because in that matter the Fifth Circuit counted all paid time as relevant. Cooper claims that if after consideration of the pending motion this Court "remains of the view that the question presented herein truly is 'a controlling question of law as to which there is substantial ground for difference of opinion,' then the Court further should designate that portion of its Order and Reasons as immediately appealable on the

---

[18] Rec. Doc. 44-1 at p. 1.

[19] *Id.*

[20] 288 F.3d 271 (5th Cir. 2002).

[21] *See* Rec. Doc. 30 at pp. 10-11.

basis that clarification from the Fifth Circuit 'may materially advance the ultimate determination of the litigation.'"[22] Cooper argues that if the state court had an express statement from the Fifth Circuit on the law on the issue of standby time, and the Fifth Circuit adopts Cooper's position, then it would be dismissed from the suit because it is not the owner of the vessel and is therefore immune 33 U.S.C. § 905.[23]

In the alternative, Cooper requests that this Court amend its order under Federal Rule of Civil Procedure 59(a)(2) and delete the reference to an "absence of controlling authority" on the inclusion of standby time in the calculation of seaman status.[24] In addition to *Nunez*, Cooper cites *Palmer v. Fayard Moving & Transportation Corp.*,[25] where the Fifth Circuit found that seaman status did not exist even where a plaintiff spent 100% of her work time in furtherance of the mission of a vessel, because the time she spent actually aboard the vessel was insubstantial. Cooper claims that taken together, *Nunez* and *Palmer* "present clear and controlling authority that goes directly to the question of inclusion of paid travel time and other paid land-based time in overall computation of a worker's Jones Act status."[26] Cooper claims that *Palmer* requires a worker's paid hours aboard a vessel to be compared to all paid working hours, and that *Nunez* requires an activity to both be in the furtherance of the mission of a vessel and aboard the vessel to count towards a finding of seaman status.[27] Cooper recognizes that under 28 U.S.C. § 1447(d), this Court cannot revisit its decision to remand,

---

[22] Rec. Doc. 44-1 at p. 5.

[23] *Id.*

[24] *Id.* at p. 6.

[25] 930 F.2d 437 (5th Cir. 1991).

[26] Rec. Doc. 44-1 at p. 8.

[27] *Id.*

and therefore only asks that it amend its decision to remove a reference to an absent of controlling authority on this issue.[28]

In opposition, Plaintiffs highlight the three elements necessary to receive an interlocutory appeal without entry of a final judgment under 28 U.S.C. § 1292(b): (1) a question involving a controlling question of law; (2) a substantial ground for difference of opinion on that question of law exists; and (3) immediate appeal from the order may materially advance the ultimate termination of the litigation.[29] Plaintiffs claim that the Fifth Circuit has stated that it will only review interlocutory appeals on issues involving "pure questions of law," rather than determinations involving "application of law to facts."[30] Plaintiffs further highlight that interlocutory appeals are "exceptional" and should not be granted simply to determine the correctness of a judgment.[31]

Plaintiffs contend that the pending motion should be denied because Cooper's fear that the state court would be adversely influenced to not grant its motion on seaman status is unfounded. Plaintiffs correctly explain that this Court did not decide a motion for summary judgment on the issue of seaman status, and therefore there is no "law of the case," "*res judicata*," or "collateral estoppel" issues to constrain the state court.[32] As such, the state Court is "competent to apply the existing case law on seaman status to the facts of this case."[33]

---

[28] *Id.* at pp. 8-9.

[29] Rec. Doc. 47 at pp. 1-2 (citing *Anderson v. Jackson,* No. 06-3298, 2007 WL 4414479, at * 3 (E.D. La. Dec. 14, 2007).

[30] *Id.* at p. 2 (citing *Anderson*, No. 06, 3298, at * 4 (citing *La, Patients' Comp. Fund Overnight Bd. v. St. Paul Fire & Marine Ins. Co.*, 411 F.3d 585, 588 (5th Cir. 2005)).

[31] *Id.* (citing *Clark-Dietz & Assocs.-Eng'rs, Inc. v. Basic Constr. Co.*, 702 F.2d 67, 68-69 (5th Cir. 1983)).

[32] *Id.*

[33] *Id.*

Plaintiffs highlight that this Court granted the motion to remand upon a finding that the defendants had not met their burden to prove that Plaintiffs had fraudulently plead seaman status. Plaintiffs further contend that *Nunez* and *Palmer* are not new authority and were available to Cooper when this issue was originally briefed and decided; moreover, neither expressly addresses standby time.[34] Further, Plaintiffs aver that fear of how another court will apply precedent is not grounds for an interlocutory appeal. Finally, Plaintiffs maintain that they have the right under the Savings to Suitors clause to have their case heard in state court.[35]

### III. Law and Analysis

Federal law is clear that an order remanding a case to the state court it was originally removed from may not be appealed:

> An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1442 or 1443 of this title shall be reviewable by appeal or otherwise.[36]

While not addressed by either party, the sweeping language of 28 U.S.C. § 1447(b) that an order remanding a suit to state court is "not reviewable on appeal *or otherwise*," casts doubt as to whether Cooper is even capable of receiving the limited relief it requests here.[37]

Regardless, this Court finds that a certification of appeal under 28 U.S.C. § 1292(b) is not warranted in this situation. Three conditions must be satisfied in order to receive an appeal under

---

[34] *Id.* at p. 3.

[35] *Id.*

[36] 28 U.S.C. § 1447(b).

[37] The Court would note that this action was removed from state court pursuant to 28 U.S.C. §§ 1332 and 1441, and not Sections 1442 or 1443, which deals with federal officer removal and civil rights actions, respectively. Rec. Doc 1 at ¶ 5.

Section 1292(b): "First, the district court must certify in writing that there is a controlling issue of law involved in the order of the court at issue. Second, substantial ground for difference in opinion must be demonstrated. Third, such an immediate appeal from the order may materially advance the ultimate termination of this litigation."[38] As Plaintiffs have noted, "Section 1292(b) appeals are exceptional. They are permitted only when there is a substantial difference of opinion about a controlling question of law and the resolution of that question will materially advance, not retard, ultimate termination of the litigation."[39]

Ordinarily, Jones Act cases are not removable from state court, unless the defendants can pierce the pleadings and show that a Jones Act claim has been fraudulently plead.[40] Defendants have an exceedingly high burden to remove a Jones Act case to federal court. Defendants seeking removal must demonstrate that there "is no possibility that plaintiff would be able to establish a cause of action" and "that  parties-or claims-are baseless in law and in fact and 'serve[ ] only to frustrate federal jurisdiction.'"[41]

In determining whether an interlocutory appeal pursuant to Section 1292(b) is warranted, it is important to keep in mind what this Court's Order and Reasons remanding this action decided, and did not decide. The Court granted the motion to remand primarily upon the following two reasons. First, the issue of seaman status was hotly contested, and in determining the fraudulent pleading of seaman status, all disputes must be resolved in favor of the plaintiff.[42] Second, albeit

---

[38] *Anderson*, No. 06-3962 at *3 (internal citations omitted).

[39] *Clark-Dietz*, 702 F.2d at 69.

[40] *Zertuche v. Great Lakes Dredge & Dock Company, LLC*, 306 F. App'x 93, 93 (5th Cir. 2009).

[41] *Lackey v. Atlantic Richfield Co.*, 990 F.2d 202, 207-08 (5 th Cir. 1993) (quoting *Dodd v. Fawcett Pub., Inc.*, 329 F.2d 82, 85 (10 th Cir. 1964)).

[42] Rec. Doc. 43 at p. 16 (citing *Lackey*, 990 F.2d at 208).

related to the first reason, the Court found that neither party provided the Court with "controlling authority directly on point to address whether [standby time] should be included in the calculation."[43] As such, the Court found that Plaintiffs' claim that stand by time should not be included was not "baseless in law."[44]

This Court has made no determination, and expresses no opinion, on Brewer's seaman status or lack thereof. The Court applied the appropriate standard to the motion to remand, which under Fifth Circuit and Supreme Court precedent is highly deferential to Plaintiffs. Moreover, this Court has not made a determination of whether "standby time" should or should not be included in the calculation to determine if Brewer spent the requisite time aboard a vessel to qualify as a seaman. While *Nunez* and *Palmer* may be relevant to the inquiry on this issue, neither case squarely addresses the narrow issue of standby time, and therefore Plaintiffs' argument that this time should not be included is not "baseless in law," which was the standard this Court was required to apply to Plaintiffs' arguments on the motion to remand.

Upon these facts, this Court finds that this case fails to satisfy the third requirement to receive an interlocutory appeal under Section 1292(b) – "such an immediate appeal from the order may materially advance the ultimate termination of this litigation," which obviates the need to address the first two requirements. Again, this Court has not decided the issue of standby time, but rather applied the relevant standard and found that Plaintiffs' position is not "baseless in law." Therefore, there is nothing in the prior Order and Reasons remanding this action that prevents the state court from deciding either way on this issue. As such, certifying an appeal would not necessarily advance the ultimate termination of this litigation, but instead would invariably prolong

---

[43] *Id.*

[44] *Id.* at p. 17.

and delay its ultimate resolution.[45]

### IV. Conclusion

For the reasons stated above, the Court will deny the pending motion. Moreover, while this Court believes that its prior order clearly stated the limited issues it decided therein, this order should provide further clarity. Accordingly,

**IT IS HEREBY ORDERED** that Cooper's Motion for Certification Under 28 U.S.C. 1292(b) or, in the Alternative, to Alter or Amend the Court's Prior Order and Reasons Under Fed. R. Civ. P. 59(a)(a)[46] is **DENIED**.

**NEW ORLEANS, LOUISIANA**, this ___19th___ day of March, 2013.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[45] *Clark-Dietz*, 702 F.2d at 69 ("[Section 1292(b) appeals] are permitted only when there is a substantial difference of opinion about a controlling question of law and the resolution of that question will materially advance, not retard, ultimate termination of the litigation.").

[46] Rec. Doc. 44.